NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| **UNITED STATES SECURITIES & EXCHANGE COMMISSION,** | : : : : | Civil Action No. 06-4195(GEB) |
| Plaintiff, | : : |  |
| v. | : : | OPINION and ORDER |
| **STEVEN J. OTT, and ROGER MICHAEL YOUNG,** | : : : : |  |
| Defendants, | : |  |

This matter comes before the Court upon Motion of Movant, United States of America (hereinafter "United States") to Intervene pursuant to Fed.R.Civ.P. 24 for the purpose of moving for a stay of discovery pending the outcome of their parallel criminal prosecution of the Defendants. The Court has considered the motion on the papers in accordance with Fed.R.Civ.P. 78. For the foregoing reasons, the United States' motion to intervene is GRANTED, and their motion to stay discovery pending the outcome of their parallel criminal prosecution is GRANTED.

**I. Background**

The United States Securities & Exchange Commission ("SEC" or "Plaintiff") instituted this action on September 6, 2006 [Docket Entry No. 1] against Defendants Steven J. Ott ("Ott") and Roger Michael Young ("Young")(collectively hereinafter "Defendants"). Ott was the former Vice President for Global Sales of ITXC, a public corporation that provided global telecommunications services over the Internet. Young was ITXC's former Managing Director for the Middle East and Africa. Plaintiff's Complaint alleges civil violations of the Foreign Corrupt Practices Act, pursuant to anti-bribery, internal control, and aiding and abetting provisions of the Securities and Exchange

Act of 1934, 15 U.S.C. §§ 78dd-1, 78m(b)(5), 78m(b)(2)(A) & (B). The United States also has a parallel ongoing criminal investigation resting on the same facts as the instant case. To date, the criminal investigation has resulted in the guilty plea to a one-count Information by Yaw Osei Amoako, ITXC's former Regional Director for Africa. See United States v. Amoako, Crim. No. 06-cr-702 (GEB) (D.N.J. 2006).

The underlying investigations by the United States and SEC are focused on Defendants' responsibilities from 1999 through 2004, including supervision of ITXC's contract negotiations with telecommunications companies in Africa. These negotiations involved Nitel, a telephone company wholly owned by the government of Nigeria; Rwandatel, a telecommunications company wholly owned by the government of Rwanda; and Sonatel, a telecommunications company owned in part by the government of Senegal. The United States asserts that Defendants entered into agreements with employees of Nitel, Rwandatel and Sonatel, paying them over $200,000 to obtain contracts for ITXC in violation of the Foreign Corrupt Practices Act. The criminal investigation into the payments made to the foreign employees is ongoing. The SEC's Complaint [Docket Entry No. 1] alleges civil violations for the same payments that are the subject of the criminal investigation.

On September 18, 2006, the United States filed a motion to intervene and for a stay of discovery in this matter. The SEC did not file any response to this motion, Counsel for Young telephonically informed the Court that he does not oppose the motion and Ott submitted a letter to the Court stating that he does not oppose the motion.

**II. Analysis**

    A.  Motion to Intervene

Federal Rule of Civil Procedure 24(a) provides in relevant part:

> Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Thus, to intervene as a matter of right under Fed.R.Civ.P. 24(a)(2), a movant must show (1) the motion is timely; (2) it has sufficient interest in the litigation, (3) its ability to protect this interest could be impaired in the absence of intervention, and (4) the prospective intervenor's interest is not adequately represented by existing parties. In re Community Bank of N. Va., 418 F.3d 277, 314 (3d Cir. 2005). "If an applicant fails to prove any one of these four factors, intervention as of right is precluded." Michaels Stores, Inc. v. Castle Ridge Plaza Assocs., 6 F.Supp.2d 360, 363-64 (D.N.J.1998). All four criteria are met here.

Whether a motion to intervene is timely is "determined from all the circumstances and, in the first instance, by the [trial] court in the exercise of its sound discretion." Princeton Biochemicals, Inc. v. Beckman Coulter, Inc., 223 F.R.D. 326, 328 (D.N.J. 2004)(citing In re Fine Paper Antitrust Litig., 695 F.2d 494, 500 (3d Cir. 1982) (internal quotations omitted)). Courts consider three factors in determining timeliness: "(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 369 (3d Cir. 1995). In the instant matter the United States' motion is

timely. The application was submitted prior to the filing of any responsive pleading, and will cause no delay or prejudice to the parties.

The United States has also shown a sufficient interest in this litigation that is not adequately represented by the existing parties, and would be impaired in the absence of intervention. Courts have held that "[a]n intervenor's interest must be significantly protectable, which means it must be a legal interest as distinguished from interests of a general and indefinite character." Princeton Biochemicals, Inc., 223 F.R.D. at 329 (quotations and citations omitted). Moreover, courts have noted that "[t]he government has a discernible interest in intervening in order to prevent discovery in a civil case from being used to circumvent the more limited scop of discovery in the [parallel] criminal matter." Securities and Exchange Comm'n v. Chestman, 861 F.2d 49, 50 (2d Cir. 1988).

It is clear that the United States has a direct and substantial interest in this litigation, because the ongoing parallel criminal investigation concerns the same business practices, contracts and payments at issue in this matter. In addition, the interests of the SEC in enforcing the provisions of the Securities and Exchange Act of 1934, and of Defendants do not represent those of the United States. Accord Trbovich v. United Mine Workers, 404 U.S. 528, 538 n. 10 (1972). The United States has satisfied Rule 24(a)'s four factors for intervention as of right, and therefore, the United States' Motion to Intervene is GRANTED.

B. Motion for a Stay of Discovery

It is well accepted that the ability to stay a proceeding is an inherent power of the court. Landis v. North American Co., 299 U.S. 248, 254 (1936); See also Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 20 n. 23; Commonwealth Ins. Co. v. Underwriters, Inc., 846 F.2d 196, 199 (3d Cir. 1988). Although, courts are not required to stay a civil matter when a related

criminal action is pending, under certain circumstances a stay may be warranted. Walsh Securities, Inc. v. Cristo Property Management, Ltd., 7 F. Supp. 2d 523 (D.N.J. 1998). See also United States v. Mellon Bank, 545 F.2d 869 (3d Cir. 1976); United States v. Kordel, 397 U.S. 1 (1970).

The factors a court must consider in determining whether to grant a stay of discovery in a civil case pending resolution of a related criminal case include: "1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the case, including whether the defendants have been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; 4) the private interests of and burden on defendants; 5) the interest of the court; and 6) the public interest."[1] Walsh Securities, Inc., 7 F. Supp. 2d. at 526-27 (citing Trustees of Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc., 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995).

The extent to which the issues in the criminal and civil cases overlap is the most important factor in this analysis. Walsh Securities, Inc., 7 F. Supp. 2d at 526-27. In United States v. One 1964 Cadillac Coupe DeVille, 41 F.R.D. 352, the court held that "[w]here both civil and criminal proceedings arise out of the same or related transactions, the United States is ordinarily entitled to a stay of all discovery in the civil case until disposition of the criminal matter." 41 F.R.D. at 353 (S.D.N.Y. 1966). The issues and allegations surrounding the instant civil matter and criminal investigation are identical. See United States' Moving Brief at 9. Therefore, the first factor weighs clearly in favor of staying discovery.

---

1. The United States proposes that the Court follow the five balancing factors of S.E.C. v. Beacon Hill, 2003 WL 554618 (S.D.N.Y. Feb. 27, 2003). Given clear Third Circuit and District of New Jersey precedent, the Court declines to follow Beacon Hill.

The second factor looks to the status of the criminal case. "The strongest case for a stay of discovery in a civil case occurs during a criminal prosecution after an indictment is returned." Walsh Securities, Inc., 7 F. Supp. 2d at 527. However, each case should be evaluated individually, and a stay may be issued "if the Government is conducting an active parallel criminal investigation." Id. Although these Defendants have not been indicted, the United States is actively conducting a "criminal prosecution and investigation" involving their conduct. Moving Brief at 2. Given the impact the civil matter may have on the criminal investigation and agreement amongst the parties to stay this matter, this factor also weighs in favor of staying discovery.

The remaining Walsh factors require the court to weigh competing interests in deciding whether a stay is warranted. This includes prejudice to the Plaintiff caused by an possible delay, prejudice to Defendants for a prompt resolution of this civil matter, judicial economy and other court interests, and the overall public interest. Id. at 526-27. The Court finds that the interests of all parties are served by the entry of the proposed stay. The SEC and Defendants have not opposed this motion and have indicated to the Court that the entry of a stay would serve the interests of their clients in both the criminal and civil matters. The interest of judicial economy is served because there is a reasonable expectation that the criminal investigation could clarify and define some issues in the civil matter. See Mellon Bank, 545 F.2d at 873. The Court also finds that the public interest would not be harmed by granting the stay. Therefore the remaining factors weigh in favor of granting the United States' Motion to Stay Discovery.

### III. Conclusion

For the reasons stated above, and for good cause shown,

IT IS on this 29th day of November, 2006

ORDERED that Movant the United States of America's Motion to Intervene in this matter is GRANTED; and it is further

ORDERED that the United States of America's Motion to Stay Discovery in this matter is GRANTED; and it is further

ORDERED that all Discovery in this matter is stayed until further order of the Court; and it is further

ORDERED that the parties are to update the Court in writing of the status of this matter no later than **June 1, 2007**; and it is further

ORDERED that the Clerk of the Court terminate this Motion [Docket Entry No. 3] accordingly.

    s/ Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**